Mr. Justice Huger
delivered the opinion of the Court.
Two questions arise in this case :
1st. V» hat was the import of the order drawn by Lacoste on the defendants ? and,
2ndly. What effect had that order upon the rights of the parties subsequent to the death of Lacoste f
The defendants had advanced to Lacoste, on the coffee and wine, more than their value. Before, however, they were sold, and the balance ascertained, Lacoste placed in their hands, the cargo of the Two Brothers for sale. On the coffee and wine,- the defendants had a special lien for their advances, and only a general lien on the cargo of the Two Brothers. Before any of the property was sold, and consequently before any payments could have been carried to the credit of Lacoste, he drew an order on the defendants, which was accepted. In this order they are directed to pay to Stoney, the nett proceeds of the cargo of the Two Brothers, after deducting the balance due them. — > What balance ? Nothing had been paid, on account of the advances, for nothing had been sold, and therefore nothing but the anticipated proceeds of the coffee and wine could have been regarded as a payment, which when sold, did leave a balance of between 3 and $400 in favor of the defendants. • If this was not the intention of Lacoste, balance has no meaning in the order. Such a construction however ought to be given, if the instrument be doubtful, ui magis valeat quam periat.”
And this view is much strengthened by the fact, which *109 though not stated in the brief, appears in the account, that the nett proceeds of the cargo of the Tzvo Brothers did not amount to the sums advanced to Lacoste. The proceeds of the cargo were equal to but §5 3,243, and the advances to more than ¡S 3,500. Lacoste therefore could hot have. intended that all the advances made,by the defendants should be paid out of the proceeds'of the .cargo'of the Two ftrothers^ and the balance paid over to Stoney. It hao been contended, however, that such was the understanding pf the defendants ; as they struck a balance in favor of Lacoste in their books prior to the sale of the wine. It ap= - pears, however, on examination of the books, that they did no more than carry to the credit of Lacoste the proceeds of the different sales as they occurred. It so happened that the, wines were sold last, and consequently the sums re« • cejvedby defendants prior to the sale, were more than equal to their advances to Lacoste, This however cannot alter the case, it has not been shewn how these books should have been kept, had the defendants supposed them» selves required by the order to satisfy their advances out of the coffee, and wine before they resorted to the proceeds pf the cargo of the Two Brothers. Admitting however, that such ivas their construction of the order, it does not follow that Stoney's rights are to he controled by their construction. His rights, if any he-have, must depend upon the legal import of the order. Nor was it in the power of defendants, even were they so disposed, to shift their lien from the coffee and wine to the cargo of the Two Brotherst to the injury of Stoney, They had made advances upon the credit of the coffee and wine, and were bound to exhaust that fund before they resorted to the cargo of the Tzvo Brothers., Whenever a factor makes a special agreement for the payment of his advances, he is bound by it, andean not depart from it, to the injury of third persons. Whitaker's Law of Lien, 108. 16 Vesey, Jun. 230.
I am satisfied that Lacoste intended by his order, that the defendants should retain no more of the proceeds o the cargo of the Tzvo Brothers than was sufficient with the. *110 proceeds of the coffee and wine to saasiy their advances, and to pay the balance to Stoney. The defendants however, it is contended, were not authorized to comply with the order; although accepted before the death of Lacoste; as the cargo was not sold at his death, and therefore were assets subject to the order of his administrator.
If the administrator was entitled to the cargo of the Two Brothers, or even to the balance of the proceeds after pay» ment of the advances to defendants, they are responsible as executors of their own wrong, for having paid that balance to the assignees of Stoney. The smallest intermed-dling with the assets is sufficient to constitute an executor of his own wrong. (Toller, 37.) It is therefore necessary to determine if the cargo or the balance thereof be assets, and subject to'the disposition of the administrator? — » The administrator is but the representative of the deceased. He has no powers but such as his intestate possessed. (Co. Litt. 207. 2 Blackstone Com. 510.) If therefore Lacoste had parted with the whole of his property in this cargo, and could not have exercised any further control over it, neither can his representative the administrator.
If the order Ire regarded as a bill of exchange, on its acceptance, the defendants had a right to retain the cargo; and Lacoste, if alive, would have lost all right in it. (Chitty on Bills, 41.)
If the order be regarded as a power of attorney given for á valuable consideration, it could not be revoked, and therefore all right in the cargo was transfered. (1 Bacon, 321 Tit. Authority E.)
It is,, however, essentially an assignment for valuable consideration ; irrevocable in its nature, transfering all the property of Lacoste in the cargo of the Two Brothers to Stoney.
In the case of Peyton vs. Hallet, (1 Caines Rep. 363,) it was decided that an order drawn upon an agent not iu possession of the fund out of which it was to be satisfied,, when accepted, fixed the fund irrevocably, and was a good assignment,
*111 The same was ruled in the case of Townsend vs. Feners, (3 Johnson's Rep. 83.)
The case under consideration is much stronger than either of those referred to, in as much as the fund was in the hands of the defendants on whom the order -was drawn. As the order was an absolute assignment of th© proceeds of the cargo of the Two Brothers, irrevocable by the drawer Locaste, and -as his administrator could possess no power, which, he did not himself possess, it follows that the proceeds of the cargo of the Two Brothers’ xvere not assets ; and consequently the defendants did not. make themselves executors of their own wrong, by paying over the balance to the assignees of Stoney.
The motion in this case must therefore be granted.
Justices Nott and Richardson, concurred. •
Justice Gantt dissented..